Curia, per Butler, J.
Prom the grounds taken, this case seems to have been brought up upon the assumption that the judge below was of opinion that a sheriff could not be compelled to collect in gold or silver, money due in his office on an execution, when he was expressly required to do so by the plaintiff. I never entertained a doubt but that gold and silver were demandable as a matter of right, by any citizen, in payment of a debt due to him; or that he could be compelled to regard any other currency as a legal tender. A very different question was presented to me on the circuit; and that was, whether the sheriff had been guilty of a contempt in not having collected in gold or silver, at the time the rule was served, money due upon the execution of Rice vs. McClin-tock. The law is reasonable in its regulations and commandments ; I thought the sheriff was excusable for not collecting the money in gold or silver within the time required by the plaintiff The sum was considerable; three thousand six hundred dollars; the banks, which are the principal depositories of specie, were not paying their notes in coin; and brokers, who had it, lived at a distance. To have sold the defendant’s property under these circumstances, would have occasioned a great sacrifice. I discharged the rule, not upon the ground that the sheriff was strictly justifiable by the law of the land, but that he was excusable in the opinion of the judge. The rule was disposed of by the discretion of the magistrate, and not by the dispensation of the law, The next judge who holds the Court at Winnsborough, may with propriety order the rule to be made absolute. The sheriff will *357 not have the same circumstances, then, to excuse him. For, when be pertinaciously refuses, or culpably neglects, to enforce the process according to its requirements, and the positive instructions of the plaintiff, it may become the duty of the presiding judge to vindicate the authority of the law, and maintain the provisions of the constitution.
My brethren concur with me in these views, and the motion is dismissed.
I concur, but think the rule should have issued, nisi.
J. S. Richardson.